# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re | Case No. 20-40576 |
| BRIAN SCOTT YATES, and JULIE RAE YATES, | Chapter 7 |
| Debtors, | |
| WARD CHRYSLER CENTER, INC., | |
| Creditor / Plaintiff, | |
| vs. | Adversary Proc. No. |
| BRIAN SCOTT YATES, | |
| Debtor / Defendant. | |

## **COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT**

COMES NOW Creditor / Plaintiff, Ward Chrysler Center, Inc. ("Plaintiff"), by its undersigned counsel, complains of Debtor / Defendant Brian Scott Yates ("Defendant"), and states as follows:

### **PARTIES**

1. Plaintiff is, and at all times relevant hereto, an Illinois Corporation operating as an automobile dealership, in good standing, organized and existing under the laws of the State of Illinois.

2. Defendant is an individual residing in the State of Illinois.

### **JURISDICTION**

3. This is an adversary proceeding to determine the dischargeability of debt in connection with the pending Chapter 7 case of *In re Yates*, Case No. 20-40576-lkg.

4.	This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 11 U.S.C. § 523.

5.	This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

6.	Debtors have not yet been granted a discharge in these bankruptcy proceedings.

## **FACTS**

7.	Defendant was an employee of Plaintiff from March 20, 2006, until December 4, 2018.

8.	On January 22, 2020, Plaintiff obtained a judgment against Defendant for, *inter alia*, Conversion in the amount of $375,000.00 plus post-judgment interest (the "Judgment"). A true and correct copy of the Judgment is attached hereto as **Exhibit A**.

9.	Accounting for interest and the application of any and all payments, as of the bankruptcy filing (November 5, 2020), the total amount Defendant owes to Plaintiff is $400,284.30.

10.	As evidenced by the Judgment, Defendant is indebted to Plaintiff in the sum of $400,284.30 as of November 5, 2020 on a debt arising out of Defendant's employment at Plaintiff automobile dealership wherein Defendant intentionally and maliciously sold several hundred vehicles of Plaintiff's automobile inventory under cost to used vehicle wholesalers, said vehicles were taken to the deprivation of Plaintiff, and Defendant received approximately $375,000.00 in kickback payments from one specific used vehicle wholesaler. These payments have never been passed along to Plaintiff. Further, Defendant's intentional and malicious actions caused Plaintiff to incur significant damages.

## COUNT I:
## NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

11. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

12. 11 U.S.C. § 523(a)(6) provides in pertinent part:

"A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt – (6) for willful and malicious injury by the debtor to another entity or to the property of another entity".

13. Pursuant to 11 U.S.C. § 523(a)(6), Defendant's obligations to Plaintiff are non-dischargeable because, as set forth in the Judgment, they relate to a debt incurred from Defendant's willful and malicious sale of several hundred vehicles of Plaintiff's automobile inventory under cost to used vehicle wholesalers, said vehicles were taken to the deprivation of Plaintiff, and Defendant received approximately $375,000.00 in kickback payments from one specific used vehicle wholesaler, which should have been passed along to Plaintiff.

14. Plaintiff seeks an order from this Court declaring that that the Judgment debt on which the Plaintiff's claim is based is a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" within the purview of 11 U.S.C.A. § 523(a)(6) which may be excepted from discharge, after notice and hearing, under 11 U.S.C.A. § 523(c).

WHEREFORE, Creditor / Plaintiff Ward Chrysler Center, Inc. respectfully requests that the Court enter an Order denying Defendant a discharge for their debt to Plaintiff as follows:

1. Determining that the entire debt for monetary damages which is owed by Defendant to Plaintiff is non-dischargeable pursuant to 11 U.S.C.A. § 523(a)(6); and

2. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

MCCARTHY, LEONARD & KAEMMERER, L.C.

BY:    /s/ Brian E. McGovern
        Brian E. McGovern, #6271815
        bmcgovern@mlklaw.com
        825 Maryville Centre Dr., Suite
        300 Town & Country, MO 63017
        Phone: (314) 392-5200
        Fax:   (314) 392-5221
        *Attorneys for Creditor / Plaintiff*
        *Ward Chrysler Center, Inc.*